UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

CADS CONSTRUCTION, LLC                                     CIVIL ACTION NO.: _____

VERSUS                                                                       JUDGE _____

MITSUBISHI HEAVY INDUSTRIES,                        MAGISTRATE JUDGE _____
COMPRESSOR INTERNATIONAL
CORPORATION AND
WESTLAKE PETROCHEMICALS, LLC

## VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes CADS Construction, LLC ("CADS"), a Louisiana limited liability company domiciled and with its principal place of business in Calcasieu Parish, Louisiana, which respectfully represents as follows:

**I.
Defendants**

1.

Made defendants herein are:

(i) Mitsubishi Heavy Industries, Compressor International Corporation ("Mitsubishi"), a Delaware corporation, incorporated in Delaware, licensed to and doing business in Louisiana, with its principal place of business in Texas, which can be served through its registered agent, Incorporating Services, Ltd., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, Louisiana, 70816; and

(ii) Westlake Petrochemicals, LLC ("Westlake"), a foreign limited liability company, organized in Delaware, licensed to do and doing business in Louisiana, with its principal place of

business in Texas, which can be served through its registered agent, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816.

**II.**
**Jurisdiction**

2.

Jurisdiction is founded on diversity of citizenship.

**III.**
**Venue**

3.

Venue is proper in the Western District of Louisiana under 28 U.S.C.A. § 1391(b)(2) in that (i) a substantial part of the events giving rise to the claim occurred in Calcasieu Parish, Louisiana, namely, all of the events described herein and (ii) the immovable property which is the subject of this action is situated in Calcasieu Parish, Louisiana.

4.

Westlake, as owners, contracted with Mitsubishi, as contractor, to perform certain construction work and supply certain construction materials at Westlake's facility in Calcasieu Parish.

5.

In February of 2016, Mitsubishi hired and subcontracted CADS by purchase order # 5000051144 and related purchase orders (the "subcontract") to perform construction services and supply construction materials as shown on Exhibit 1 attached hereto and incorporated herein by reference, all at the property owned by Westlake as described more particularly on Exhibit 1 (the "property").

6.

Through the subcontract, Mitsubishi, as contractor, subcontracted to CADS certain work and materials Mitsubishi was obligated to provide to Westlake at the property.

7.

The work performed by CADS pursuant to the subcontract was performed on an open account basis, as defined and authorized by R.S. 9:2781.

8.

Pursuant to the subcontract, CADS furnished and performed work and services required of it under the subcontract in a competent, workmanlike, and timely fashion.

9.

The amounts subcontracted for between CADS and Mitsubishi are now due and owing to CADS for the work performed under the subcontract. Invoices showing the amounts due by defendants have been provided to defendants.

10.

Despite the work of CADS and amicable demand for payment, Mitsubishi has refused without legal cause to pay CADS that which is due and owing, breaching the subcontract between them in bad faith.

11.

As a result of the failure of Mitsubishi to pay the amount owed to CADS, a Statement of Claim and Privilege was filed by CADS in the mortgage records of Calcasieu Parish at File No. 3228704, Book 4826, Page 494, and amended at File No. 3230905, Book 4835, Page 741, and again at File No. 3233587, Book 4847, Page 53, all within the applicable delays within completion of the work of Mitsubishi, as required by the Louisiana Private Works Act, R.S.

9:4822. The Statement of Claim and Privilege, as amended, is attached as Exhibit "1", *in globo* and incorporated herein by reference. The Statement of Claim and Privilege includes invoices showing the amounts owed CADS by defendants.

12.

On information and belief, Mitsubishi received payment from Westlake more than fourteen (14) days ago for some or all of the work done by CADS pursuant to the subcontract, but Mitsubishi has failed to pay the amount corresponding to CADS' work to CADS, all in direct violation of R.S. 9:2784 and R.S. 9:4814.

13.

CADS has incurred and will continue to incur legal fees and expenses in connection with the collection of the money owed under the open account subcontract with Mitsubishi.

14.

CADS has complied with the requirements of R.S. 9:2781.

15.

Mitsubishi is liable to CADS for all amounts reasonable in the premises.

16.

Mitsubishi is liable for (i) the amount claimed by CADS by virtue of Mitsubishi's bad faith breach of the open account subcontract, namely $ 610,720.40, and, (ii) on information and belief, the penalties for violation of R.S. 9:2784 and R.S. 9:4814.

17.

Further, in addition to the damages for breach of contract and penalties, Mitsubishi has wrongfully converted property of CADS to its own use (i.e. construction equipment and supplies valued at $112,380.86 used in the work provided by CADS to Mitsubishi) and refused to return it

despite demand. Such property is listed on Invoice Nos. 16-00057-0001 and 16-00062-0001 attached to First Amendment to Statement of Claim Under Private Works Act, Exhibit 1, and Exhibit 2 attached hereto and incorporated by reference.

18.

CADS is entitled to the value of the property converted by Mitsubishi and the profit derived by Mitsubishi as a result of the unauthorized use and conversion thereof.

19.

As a result of the above described breaches, conversion, and any misapplication of payments, Mitsubishi is also liable to CADS for all damages reasonable in the premises the penalties and attorney's fees provided by R.S. 9:2781, R.S. 9:2784 and R.S. 9:4814.

20.

CADS has made amicable demand on defendants for payment, to no avail.

21.

CADS was unlawfully removed from the property by Mitsubishi and not allowed to complete the work it had contracted to perform. Mitsubishi unilaterally and unlawfully terminated its subcontract with CADS.

22.

CADS was unlawfully removed from the property by Mitsubishi after CADS refused to perform its work in an unsafe and unworkmanlike manner, as directed by Mitsubishi.

23.

CADS refused Mitsubishi's instructions to retrofit compressor legs and to weld contrary to a qualified procedure.

24.

Before Mitsubishi unlawfully removed CADS from the property, Mitsubishi unlawfully usurped the management of CADS work under the subject subcontract.

25.

Mitsubishi usurped the management of CADS work then removed CADS from the property, in an effort to usurp for itself CADS profit on the subject subcontract.

26.

Mitsubishi wished to usurp the profit to itself because the subcontract was scheduled to be profitable for CADS and Mitsubishi was losing money on the Westlake project.

27.

The unlawful actions of Mitsubishi constituted a bad faith breach of the subject subcontract.

28.

For the reasons stated above, CADS is also entitled to have its lien and privilege, provided for under R.S. 9:4802, recognized and be granted judgment against Westlake as owner of the property, and to have the property seized and sold by the United States Marshal at public auction for cash to the highest bidder, all in accordance with La. Code of Civ. Proc. Arts. 2721 et seq. and 28 U.S.C.A. §§ 1921, 2001 *et seq*. Out of the proceeds of such marshal sale, CADS is entitled to payment in the full amount of its claims.

WHEREFORE, plaintiff CADS Construction, LLC prays:

(i) that this Complaint be deemed good and sufficient and that after due proceedings are had, there be judgment rendered herein in favor of CADS Construction, LLC and against defendants Mitsubishi Heavy Industries, Compressor International Corporation and Westlake

Petrochemicals, LLC, jointly, severally, and *in solido*, for all damages reasonable in the premises, contractual damages together with penalties, tort damages, legal interest, costs, attorney's fees pursuant to R.S. 9:2781, R.S. 9:2784 and R.S. 9:4814, and all other relief available;

(ii) That there be judgment herein in favor of CADS Construction, LLC and against defendants recognizing the privilege of CADS Construction, LLC in the property described in Exhibit 1, and that in due course such property be seized and sold by the United States Marshal at public auction for cash to the highest bidder, in accordance with La. Code of Civ. Proc. Arts. 2721 et seq. and 28 U.S.C.A. §§ 1921, 2001 *et seq*., and that out of the proceeds of such sale, CADS Construction, LLC be paid in the amount of its claims, with interest due thereon, and for fees CADS incurred in filing the Statement of Claim and Privilege as provided for under R.S. 9:4823; and

(ii) for full, general and equitable relief.

Respectfully submitted,

**NORMAN BUSINESS LAW CENTER
(A LAW CORPORATION**)


BY:  /s/Merrick J. Norman
MERRICK J. NORMAN, #10044
JOSEPH P. NORMAN, # 36608
145 East Street
Lake Charles, LA  70601
Telephone:  (337) 436-7787
Facsimile:   (337) 436-7758